PAUL L. REIN, Esq. (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
ANN WINTERMAN, Esq. (SBN 222257)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff
ANDI MILLARD


CRIS C. VAUGHAN, Esq.
VAUGHAN & ASSOCIATES LAW OFFICE
6207 Walnut Street, Suite 800
Loomis, CA 95650
(916) 660-9401

Attorney for Defendants
BIG COUNTRY INN; MERCHANT VALLEY
CORPORATION dba BEST WESTERN BIG
COUNTRY INN; MAHMOOD AND AMINA
MERCHANT AS TRUSTEES FOR THE MERCHANT
FAMILY TRUST

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDI MILLARD<br><br>       Plaintiff,<br><br>v.<br><br>BIG COUNTRY INN; MERCHANT VALLEY CORPORATION dba BEST WESTERN BIG COUNTRY INN; MAHMOOD AND AMINA MERCHANT AS TRUSTEES FOR THE MERCHANT FAMILY TRUST; and DOES 1-10, Inclusive,<br><br>       Defendants. | CASE NO. 07-CV-01647-OWW-GSA<br><u>Civil Rights</u><br><br>**CONSENT DECREE AND ORDER** |

## CONSENT DECREE AND ORDER

1.      Plaintiff ANDI MILLARD, filed a Complaint in this action on November 14, 2007, to obtain recovery of damages for her discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of

**Consent Decree and [Proposed] Order:**
**Case No. 07-CV-01647-OWW-GSA**

1

g:\docs\atimken\orders to be signed\07cv1647.consent.decree.doc

1    1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants,

2    BIG COUNTRY INN; MERCHANT VALLEY CORPORATION dba BEST WESTERN BIG

3    COUNTRY INN; MAHMOOD AND AMINA MERCHANT AS TRUSTEES FOR THE

4    MERCHANT FAMILY TRUST, relating to the condition their public accommodations as of

5    Plaintiff's visit of April 16, 2007, and continuing.  Plaintiff has alleged that Defendants

6    violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil

7    Code, and sections 19955 *et seq.,* of the California Health and Safety Code by failing to

8    provide full and equal access to their facilities at the Best Western Big Country Inn located at

9    25020 West Dorris Ave., Coalinga, California.

10   2.   Defendants BIG COUNTRY INN; MERCHANT VALLEY CORPORATION

11   dba BEST WESTERN BIG COUNTRY INN; MAHMOOD AND AMINA MERCHANT AS

12   TRUSTEES FOR THE MERCHANT FAMILY TRUST, deny the allegations in the Complaint

13   and by entering into this Consent Decree and Order do not admit liability to any of the

14   allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this

15   Consent Decree and Order for the purpose of resolving this lawsuit without the need for

16   protracted litigation, and without the admission of any liability.

17

18   **JURISDICTION:**

19   3.   The parties to this Consent Decree agree that the Court has jurisdiction of this

20   matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act

21   of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged violations

22   of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code

23   of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

24   4.   In order to avoid the costs, expense, and uncertainty of protracted litigation, the

25   parties to this Consent Decree agree to entry of this Order to resolve all claims regarding

26   injunctive relief raised in the Complaint filed with this Court.  Accordingly, they agree to the

27   entry of this Order without trial or further adjudication of any issues of fact or law concerning

28   Plaintiff's claims for injunctive relief.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. 07-CV-01647-OWW-GSA**

2

g:\docs\atimken\orders to be signed\07cv1647.consent.decree.doc

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

   a) <u>Remedial Measures</u>: The corrective work agreed upon by the parties is attached here to as **Exhibit A**. Defendants agree to undertake all of the remedial work set forth therein.

   b) <u>Timing of Injunctive Relief</u>: Defendants will provide access for disabled persons in a timely manner, pursuant to the time limits described in **Exhibit A**. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

//
//
//
//
//

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. 07-CV-01647-OWW-GSA**

3

g:\docs\atimken\orders to be signed\07cv1647.consent.decree.doc

7.     The parties have not reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, and/or motions to the Court.

**ENTIRE CONSENT ORDER**:

8.     This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein. This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages, attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9.     This Consent Decree and Order shall be binding on Plaintiff ANDI MILLARD; Defendants BIG COUNTRY INN; MERCHANT VALLEY CORPORATION dba BEST WESTERN BIG COUNTRY INN; MAHMOOD AND AMINA MERCHANT AS TRUSTEES FOR THE MERCHANT FAMILY TRUST; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.     Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. 07-CV-01647-OWW-GSA

4

g:\docs\atimken\orders to be signed\07cv1647.consent.decree.doc

1  will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which
2  are unknown or unanticipated at the time this Consent Decree is signed.  Except for all
3  obligations required in this Consent Decree, the parties intend that this Consent Decree apply to
4  all such further loss with respect to the Lawsuit, except those caused by the parties subsequent
5  to the execution of this Consent Decree. Therefore, except for all obligations required in this
6  Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands,
7  actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit,
8  whether the same are known, unknown or hereafter discovered or ascertained, and the
9  provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section
10 1542 provides as follows:

>    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
>    CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE
>    TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST
>    HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action <u>only</u> and does not include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11.  Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER**:

12.  This Consent Decree and Order shall be in full force and effect for a period of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. 07-CV-01647-OWW-GSA

5

g:\docs\atimken\orders to be signed\07cv1647.consent.decree.doc

1  twelve (12) months after the date of entry of this Consent Decree and Order, or until the
2  injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court
3  shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months
4  after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is
5  completed, whichever occurs later.

**SEVERABILITY**:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: July 22, 2008                  /s/ Andi Millard
                                      Plaintiff ANDI MILLARD


Dated: July 15, 2008                  /s/ Mahmod Merchant
                                      Defendant BIG COUNTRY INN; MERCHANT
                                      VALLEY CORPORATION dba BEST
                                      WESTERN BIG COUNTRY INN


Dated: July 15, 2008                  /s/ Mahmod Merchant
                                      Defendant MAHMOOD AND AMINA
                                      MERCHANT AS TRUSTEES FOR THE
                                      MERCHANT FAMILY TRUST

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. 07-CV-01647-OWW-GSA**

6

g:\docs\atimken\orders to be signed\07cv1647.consent.decree.doc

1  APPROVED AS TO FORM:

2  Dated: July 25, 2008          PAUL L. REIN
                                 JULIE A. OSTIL
3                                ANN WINTERMAN
                                 LAW OFFICES OF PAUL L. REIN
4

5
                                 ____/s/ Paul Rein_____
6                                Attorneys for Plaintiff
                                 ANDI MILLARD
7

8

9  Dated: July 16, 2008          CRIS C. VAUGHAN
                                 VAUGHAN & ASSOCIATES LAW OFFICE
10

11
                                 ____/s/ Cris C. Vaughan_____
12                               Attorney for Defendants
                                 BIG COUNTRY INN; MERCHANT VALLEY
13                               CORPORATION dba BEST WESTERN BIG
                                 COUNTRY INN; MAHMOOD AND AMINA
14                               MERCHANT AS TRUSTEES FOR THE
                                 MERCHANT FAMILY TRUST
15

16

17

18

19                               **ORDER**

20  Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

21

22

23  Dated:  July 28, 2008          /s/ OLIVER W. WANGER
                                   Honorable Oliver W. Wanger
24                                 United States District Judge

25

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. 07-CV-01647-OWW-GSA**

7

g:\docs\atimken\orders to be signed\07cv1647.consent.decree.doc